In re REDONDO.

Crim. No. 4954.

District Court, Puerto Rico.
Dec. 2, 1946.

George W. Kretzinger, Jr., of San Juan, Puerto Rico, for petitioner.

Clemente Ruiz Nazario, of San Juan, Puerto Rico, for respondent.

COOPER, District Judge.

By these proceedings petitioner as Administrator seeks to have respondent Maria Redondo adjudged in contempt of this Court in that she violated the terms of an injunction entered against her in Civil No. 527. The said judgment prohibited respondent from:

(1) paying to any of her employees wages at less than the minimum rates prescribed by the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, and wage orders issued thereunder.

(2) from employing after October 24, 1940 any of her employees for more than 40 hours per week without paying to such employees one and one half times their regular rate of pay,

(3) from shipping or delivering in interstate commerce any goods in the production of which any employee had been employed at sub-standard rates or in violation of Section 7 of the Act, 29 U.S.C.A. § 207,

(4) from failing to preserve records of the hours and wages and other conditions of employment of persons employed by her as provided by the Act, and

(5) from making any statement, report or record pursuant to the provisions of section 11(c) of the Act, 29 U.S.C.A. § 211 (c), or of the regulations issued pursuant thereto in the knowledge that such statement, report or records were false.

The original petition charged nine different classes of violations of the injunction in Civil No. 527. These violations were set forth in detail in the pleadings and it is unnecessary to burden this order with a further detailed statement of said alleged violations. Upon the filing of the petition and subsequent amended petitions, orders to show cause were issued and defendant made returns to said orders.

On June 10, 1942, the cause was referred to Francisco Parra Capo, Esq., of Ponce, P. R., as Special Master to take testimony and to exercise generally the powers conferred by rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and especially was the Special Master to make findings and recommendations in his report to the Court. The Special Master commenced hearings on October 18, 1942.

On the 24th of January, 1946 the parties filed before the Special Master a stipulation whereby it was agreed to recommend to the Court that leave be granted to respondent to enter plea of "nolo contendere" as set forth in her amended return to the amended order to show cause dated December 6, 1944. By her plea of "nolo contendere" the plaintiff for the purpose of this proceeding, admits:

(1) payment of less than minimum wages to women workers engaged in certain hand sewing operations known as tuck and belt making.

(2) payment of less than minimum wages to certain employees engaged in washing and pressing of night gowns and the closing of belts by machine.

(3) payment of less than the minimum wages to certain shop workers engaged in the operation known as turning belts inside out,

(4) failure to enter certain information required under the regulation in certain cases of employees who are engaged in hand sewing operations known as tuck and belt making, as well as in the case of others engaged in the closing of belts by machine.

(5) making and entering certain false entries in manuals of some of her employee women workers engaged in the hand sewing operations on nightgowns known as tuck and sewing as well as the manuals of others engaged in the closing of belts by machine,

(6) the transportation and offer for transportation, shipping, etc. by defendant in interstate commerce of nightgowns produced in or about her plant by some of her woman workers engaged in the hand sewing operations known as tuck and belt

as well as washing and pressing and closing of belts by machine and by some shop workers engaged in the operation known as the turning of belts inside out.

Petitioner by the terms of the stipulation moved for and consented to the dismissal of all charges not admitted by respondent's plea of "nolo contendere".

By the terms of the said stipulation respondent agreed to pay by way of "restitution" certain sums to be determined at a later date and in a manner provided by the stipulation subject to the approval of the Wage and Hour Administrator. A schedule of such amounts has been presented and approved and is now before the Court. In addition, respondent agreed to pay under the terms of said stipulation as costs the total of $1,251.51. It is expressly agreed in said stipulation that the Special Master may for the purpose of his findings and recommendations take into consideration the contents of the stipulation as well as the evidence offered by the parties at the several hearings held before him; that the provisions of the stipulation shall supersede any evidence introduced prior to the date of the stipulation and that the Master shall base his findings of fact and recommendations as to conclusions of law upon the entire record including this stipulation.

The question for decision involves the Master's Report and certain exceptions thereto by the petitioner. The hearings before the Master covered over 1,400 pages of typewritten transcript. The Master makes eleven findings of fact based upon hearings before him, the documentary evidence introduced at said hearings and the stipulation of January 24, 1946. In his report the Master finds that respondent disobeyed the injunction in Civil No. 547 in which she signed a consent decree in all of the particulars alleged in the present petition to which she plead "nolo contendere". With respect to all of the charges not admitted by respondent's plea of "nolo contendere", the Master of course, recommends dismissal.

The Special Master found that respondent had committed the violations which she admitted under her plea of "nolo contendere" and acquitted her of the remaining charges. With respect to the charges of which he found respondent guilty the Special Master found that respondent did not commit these violations contumaciously, deliberately or wilfully. In view of the respondent's undertaking by the stipulation to make "restitution" to the workers and to pay more than $1,200.00 for costs and in view of other expenditures she has incurred as a result of this lengthy litigation, the Special Master recommends that the Court hold that the respondent has purged herself of contempt of this Court.

Counsel for the Government at the present time is taking exception only to the conclusions of law and the recommendation of the Special Master (see stipulation of Aug. 9/46 and petitioner's brief of September 26, 1946).

No objection is made to the findings of fact by the Special Master. The petitioner's present contention, as set forth in his brief is that respondent committed the violations to which she plead "nolo contendere", contumaciously, wilfully and maliciously in the misguided belief that she could defy the injunction of this Court with impunity; that she deliberately, with full knowledge and understanding of her duty in the premises, decided to gamble on her chances of ignoring the injunction of this Court. It is the Master's recommendation that petitioner objects to.

As stated in the stipulation of January 24, 1946, this cause must be decided upon careful consideration of the whole record including the stipulation itself, the testimony before the Special Master and the documentary evidence introduced during the course of the hearings.

Petitioner objected at first to granting leave for respondent to plead "nolo contendere" and it was not until the 24th of January 1946, that petitioner consented to such plea to the only charges which the Master in his final report found to have been committed as a matter of fact and to which findings, as findings of fact, petitioner takes no exception.

The record of this case shows that the Administrator of the Wage and Hour Division through his officials and agents in Puerto Rico established a period of edu-

cation and tolerance which was to expire one year after the date of the consent decree in Civil No. 527, in order to permit employers to familiarize themselves with the provisions of the Act and the regulations applicable to the needlework industry in Puerto Rico. Over seventy letters from respondent to the officers of the Wage and Hour Division, requesting aid in the interpretation of the regulations, requesting information as to what rates she could lawfully pay to her workers, were addressed to the Wage and Hour Division by respondent. In the answers to some of these letters the burden of stipulating a price was placed on respondent. As for example, letters instructing respondent to make tests with workers to determine the number of pieces they could turn out in a certain period of time, together with mathematical formulae for obtaining the piece rate. One letter expressed the Division's appreciation of respondent's promptness and vigor in investigating certain complaints the Division had received in connection with unlawful practices of two of her distributors. On several occasions she included samples of the work she proposed to have the women workers perform on different cloths, and requested the Division's advice in connection with the rates she should pay for such work. She has agreed to pay her workers the amounts set forth in schedules approved by the Wage and Hour Division as being due. During the course of this litigation and pursuant to the stipulation of January 24, 1946 she has agreed to pay costs amounting to more than $1,200.00.

I think that the Master's conclusion and recommendation that her disobedience of said consent decree in respect to the particulars to which she plead "nolo contendere" was not deliberate or wilfull is sustained by the record. I am of the opinion that upon the payment of said amounts as stated in the stipulation of January 24, 1946, she will have fully purged herself of any contempt of the Court re-

sulting from her disobedience as aforesaid of the injunction in Civil No. 527. I must, therefore, overrule the objections to the report of the Special Master and approve his report in its entirety.

I do not overlook the motion of counsel for respondent that certain statements in petitioner's brief be ordered stricken and physically deleted. It is not the function of the Court to supervise briefs of counsel even though the brief should contain statements wholly irrelevant or impertinent. The matters to which respondent's motion is directed could very well have been omitted without in any way affecting the force of petitioner's argument. If the passages objected to had been directed only to argument of counsel, the motion might be dismissed without further comment. As I construe them they reflect upon the integrity of the Special Master who is not only a member of the bar of this Court but in the instant case was the arm of the Court. I can not refrain from expressing my disapproval and disappointment. I have carefully examined the entire record in this case and I find no evidence which supports the suggestion that the Special Master accepted the opinion of counsel or that he failed to exercise his own judgment. There is no evidence to sustain the suggestion that the Special Master permitted any one of the parties to speak through him or that any special pleading was made through the mouth of the Master. As already indicated the Special Master has established a reputation as a member of the bar of this Court which of itself refutes any suggestion of improper conduct on his part. This I believe is conceded by counsel for petitioner. Counsel for respondent has also established a reputation which negatives a suggestion that he would indulge in unethical practice. Since no practical purpose could be served by granting respondent's motion, I leave it with the comments already made.

A judgment will be entered in accordance with this opinion.